991 F.2d 802
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Darion PRIDGEON, Appellant,
 No. 92-2785.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 14, 1993.
Filed: April 2, 1993.
 
 Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Darion Pridgeon appeals the thirty-month sentence imposed by the district court[1] following his guilty plea to misprision of a felony, in violation of 18 U.S.C. § 4. We affirm.
 
 
 2
 A grand jury indicted Pridgeon, charging that he knowingly concealed and failed to report information concerning the commission of a felony-a conspiracy to possess cocaine with the intent to distribute it. Pursuant to a plea agreement, Pridgeon pleaded guilty to that charge and agreed to give his "full cooperation" to the United States by providing information "regarding the possession, distribution, and/or importation of controlled substances." In exchange, the government agreed to "inform the sentencing Judge of the extent of his cooperation and request that his cooperation be considered in any sentence the Court imposes."
 
 
 3
 At sentencing, the government informed the court that it would not move for a downward departure under U.S.S.G. § 5K1.1, explaining:
 
 
 4
 Your Honor, we notified Mr. DeJesus and Mr. Pridgeon that after interviewing all the other witnesses, the statement he had given was inconsistent in the facts with the other witnesses. In addition, during the period of time after he signed the plea agreement, he made a sale to an undercover officer of crack cocaine. We told him at that time we would not use him as a witness, nor do we intend to make a 5K1.1 motion for downward departure.
 
 
 5
 (Sent. tr. at 6.) Pridgeon's counsel argued that the district court had authority to depart from the sentencing range under section 5K1.1 without a government motion, but the district court disagreed and sentenced Pridgeon to thirty months.
 
 
 6
 On appeal, Pridgeon argues that (1) the government arbitrarily refused to move for a departure under section 5K1.1 in violation of his right to due process; and (2) the district court erred by concluding it lacked authority under section 5K1.1 to consider Pridgeon's motion for a departure below the Guidelines range.
 
 
 7
 We conclude that Pridgeon's arguments are meritless. First, his claim that the government arbitrarily refused to move for a departure is based on his evaluation of the quality of the assistance he provided and his conclusion that it was substantial. However, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy." Wade v. United States, 112 S. Ct. 1840, 1844 (1992). Rather, for a defendant to be entitled to relief from the government's refusal to move for departure under section 5K1.1, the refusal must be "based on an unconstitutional motive," or "not rationally related to any legitimate Government end." Id. Pridgeon's contention does not fall within either of these categories. Pridgeon's second claim-that the district court erred by concluding it lacked authority under section 5K1.1 to consider his motion for a downward departure-fails because, contrary to his contention, the language of the guideline "makes the prosecutor's motion a prerequisite to departure." United States v. Kelley, 956 F.2d 748, 751 (8th Cir. 1992) (en banc).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas